UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division
**Case Number:  08-20603-CIV-MARTINEZ-BROWN**

DR. KATHERINE MURPHY,
      Plaintiff,

vs.

CITY OF AVENTURA, AVENTURA CITY
OF EXCELLENCE SCHOOL, CHARTER
SCHOOLS USA, INC., CHARTER SCHOOLS
USA AT AVENTURA, LLC, ERIC SOROKA,
NICOLE MONROE, TERESA SOROKA,
JONATHAN HAGE, and ELAINE ADLER,
      Defendants.
_____/

### ORDER ON DEFENDANTS' MOTIONS TO DISMISS, REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT, AND RESETTING CERTAIN PRETRIAL DEADLINES

THIS CAUSE came before the Court upon Defendant Elaine Adler's Motion to Dismiss Amended Complaint (D.E. No. 24), Defendants', Charter Schools USA, Inc., Charter Schools USA at Aventura, LLC, Nicole Monroe, and Jonathan Hage, Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 28), Defendant Eric Soroka's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 29), Defendant Teresa Soroka's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 30), Defendant Aventura City of Excellence School's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 31), and Defendant City of Aventura's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 32).  After careful consideration and for the reasons set forth below, the Court grants these motions in that Counts VII, IX, XI, and XIII are dismissed.  In addition, Plaintiff shall be required to clarify certain allegations specified herein. The motions are denied in all other respects.

## I.  Relevant Factual and Procedural Background

This case arises from Plaintiff Dr. Katherine Murphy's ("Plaintiff") termination from her position as principal of the Aventura City of Excellence School. Plaintiff has filed suit against Defendants City of Aventura ("City"), Aventura City of Excellence School ("ACES"), Charter Schools USA, Inc. ("CSUSA"), Charter Schools USA at Aventura, LLC ("CSUSAA"), Eric Soroka, Nicole Monroe ("Monroe"), Teresa Soroka, Jonathan Hage ("Hage"), and Elaine Adler ("Adler") in a fourteen-count Amended Complaint.  In Counts I and II, Plaintiff alleges violations of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et. seq*.  In Count I, Plaintiff alleges sexual harassment in violation of Title VII, arguing that she was subjected to unlawful sexual harassment by the City Manager of the City of Aventura, Defendant Eric Soroka, which was sufficiently severe or pervasive to create a hostile work environment.  In Count II, Plaintiff alleges that she was fired from her position as principal in retaliation for opposing Eric Soroka's unwelcome harassment in violation of Title VII.  Both Counts I and II are asserted against the Defendant City.

In Plaintiff's remaining twelve counts she asserts various state law claims against the different Defendants.[1] All Defendants have moved to dismiss Plaintiff's Amended Complaint.

_____

[1]In Count III, Plaintiff alleges a claim for defamation and slander per se against Defendants City of Aventura, Eric Soroka in his individual capacity, and "Monroe, and as agent of CSUSA" [sic].  (D.E. No. 20 at 30).  In Count IV, Plaintiff alleges a claim for bad faith wrongful termination against the "CSUSA defendants." *Id*. at 31.  In Count V, Plaintiff alleges a claim for conversion against the City of Aventura and Eric Soroka in his individual capacity.  In Count VI, Plaintiff alleges a claim for intentional interference with a business relationship against Eric Soroka in his individual capacity and "Monroe, and as agent of CSUSA" [sic].  *Id*. at 33.  In Count VII, Plaintiff alleges a breach of contract claim against the "CSUSA defendants." *Id*. at 34.  In Count VIII, Plaintiff alleges a claim for conspiracy to intentionally interfere with business relations against Defendants Eric Soroka in his individual capacity, and "Monroe, and as agent of CSUSA" [sic].  *Id*. at 35.  In Count IX, Plaintiff alleges a claim for fraud in the

-2-

The Court now considers these motions.

## II.  Analysis

A number of the Defendants have moved to dismiss the twelve state law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). All Defendants have moved to dismiss specific counts of Plaintiff's Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court first addresses Defendants' arguments under Rule 12(b)(1) and then considers Defendants' arguments relating to Rule 12(b)(6).

### A.      Dismissal Pursuant to Rule 12(b)(1)

Five Defendants, the City, Adler, Eric Soroka, Teresa Soroka, and ACES, have moved to dismiss Plaintiff's twelve state law claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  In the alternative, Defendants argue that this Court should decline to exercise its discretion to exercise its supplemental jurisdiction over these state law claims pursuant to 28 U.S.C. § 1367(c). After careful consideration, the Court finds that it does have subject matter jurisdiction over the majority of the state claims and that it is appropriate to exercise its supplemental jurisdiction over them.

---

execution against Defendants Eric Soroka in his individual capacity and "Hage, and as agent of the CSUSA defendants" [sic].  *Id*. at 36.  Count X is a claim for a permanent injunction asserted against the City, Eric Soroka in his individual and official capacity, the "CSUSA defendants" and Monroe.  *Id*. at 38. Count XI is a claim for declaratory relief against the City.  In Count XII, Plaintiff alleges a claim for conspiracy to defame against the City, Eric Soroka in his individual capacity, Teresa Soroka in her individual capacity, and "Monroe, and as agent of CSUSA."  *Id*. at 40.  In Count XIII, Plaintiff alleges a claim for conspiracy to defraud against Eric Soroka in his individual capacity, the "CSUSA defendants," Hage, and Adler.  *Id*. at 42.  In Count XIV, Plaintiff alleges a claim for declaratory judgment against ACES.

28 U.S.C. § 1367(a) provides that

> in any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so
> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States Constitution.
> Such supplemental jurisdiction shall include claims that involve the joinder or
> intervention of additional parties.

Defendants argue that this Court lacks subject matter jurisdiction over the state law claims

because these claims are not part of the same "case or controversy" as the Title VII federal

claims.

"The constitutional 'case or controversy' standard confers supplemental jurisdiction over

all state law claims which arise out of a common nucleus of operative fact with a substantial

federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006)

(citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).  In this case, the state

claims asserted in Counts III, IV, V, VI, VIII, X, XI, XII, and XIV arise out of the same common

nucleus of operative fact as the federal claims, namely, Plaintiff's alleged termination in

retaliation for reporting Eric Soroka's sexual harassment.  These claims are also likely to involve

the presentation of the same or similar evidence.  However, the claims asserted in Counts VII,

IX, and XIII do not arise out of the same nucleus of operative fact.  These claims for breach of

contract, fraud in the execution, and conspiracy to defraud all relate to an alleged agreement

made between Plaintiff and CSUSA before Plaintiff became the principal of ACES.  Plaintiff

alleges that pursuant to this agreement CSUSA agreed she would be paid an additional $40,000 a

year in addition to her salary for assuming the position of principal.  These claims do not relate to

Plaintiff's alleged sexual harassment and retaliatory termination. Thus, the Court dismisses

Counts VII, IX, and XIII for lack of subject matter jurisdiction.

-4-

Pursuant to 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over a claim if:

(1)  the claim raises a novel or complex issue of State law,

(2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3)  the district court has dismissed all claims over which it has original jurisdiction, or

(4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

The Court finds that none these four elements apply to any of the remaining state law claims.

Thus, the Court will exercise supplemental jurisdiction over the remaining state law claims.

### B.       Dismissal Pursuant to Rule 12(b)(6)

All Defendants also move to dismiss the Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6).   When reviewing a complaint under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and views the motion in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

### 1.       Counts I and II

First, the City moves to dismiss Counts I and II, which assert Title VII claims, pursuant to Rule 12(b)(6).  Title VII prohibits employment discrimination on the basis of "race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1). Specifically, Title VII states that it

is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *Id*. Title VII protects against "the entire spectrum of disparate treatment of men and women" including sexual harassment. *Meritor Savs. Bank, FSB v. Vinson*, 477 U.S. 57, 64-67 (1986). Title VII also prohibits an employer from retaliating against an employee for making a sexual harassment complaint under Title VII.  Here, Plaintiff alleges that the Defendant City violated Title VII by creating a hostile work environment and by unlawfully retaliating against her for making a sexual harassment complaint.

### a.    Count I

In Count I, Plaintiff alleges a hostile work environment claim.  "A hostile work environment claim under Title VII is established upon proof that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Miller v. Kenworth of Dothan, Inc.*, 277 F. 3d 1269, 1275 (11th Cir. 2002) (quoting *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993)).  The Eleventh Circuit has held that to support a hostile work environment claim, a plaintiff must demonstrate the following elements:

> (1) that he or she belongs to a protected group; (2) that the employee has been
> subject to unwelcome sexual harassment, such as sexual advances, requests for
> sexual favors, and other conduct of a sexual nature; (3) that the harassment must
> have been based on the sex of the employee; (4) that the harassment was
> sufficiently severe or pervasive to alter the terms and conditions of employment
> and create a discriminatorily abusive working environment; and (5) a basis for
> holding the employer liable.

*Mendoza v. Borden, Inc.*, 195 F. 3d 1238, 1245 (11th Cir. 1999).  The City argues that Plaintiff

has failed to state a hostile work environment claim because she has not alleged that she was subject to conduct of a sexual nature as required by the second element, that the harassment was based on her sex as required by third element, and that the harassment was sufficiently severe or pervasive as required by the fourth element.

After review of the Amended Complaint, the Court finds that Plaintiff has sufficiently stated a hostile work environment claim and more specifically, that she has sufficiently alleged that the harassment was of a sexual nature, that the harassment was based on her sex and that the harassment was severe or pervasive.  In her Amended Complaint, Plaintiff states that

> Throughout . . . [her] three [and a] half . . . years of employment at ACES, she was the subject of continuous, severe, and pervasive sexual harassment by ERIC SOROKA that adversely affected her employment.  ERIC SOROKA's unwelcome harassment caused a workplace permeated with discriminatory intimidation, ridicule, and insult, thereby resulting in an uncomfortable and hostile place for . . . [her] to work, and further caused . . . [her] emotional distress. ERIC SOROKA continuously directed vulgarities and obscenities at . . . [her] and made unwelcome sexual comments during conversations with . . . [her].

(D.E. No. 20 at ¶ 24).  *See also* (D.E. No. 29 at ¶¶ 85, 86).  This meets the requirements of Federal Rule of Civil Procedure 8 and is a short and plain statement of Plaintiff's claim.  This is all that is required for Plaintiff's claim to survive a motion to dismiss, and thus, the Court denies the City's motion to dismiss as to Count I.

### b.      Count II

The City also moves to dismiss Count II in which Plaintiff alleges that the City unlawfully retaliated against her for opposing Defendant Eric Soroka's unwelcome harassment. "To establish a claim of retaliation under Title VII or section 1981, a plaintiff must prove that . . . [she] engaged in statutorily protected activity, . . . [she] suffered a materially adverse action, and there was some causal relation between the two events."  *Goldsmith v. Bagby Elevator, Co.*, 513

F. 3d 1261, 1277 (11th Cir. 2008).  The City argues that Plaintiff has failed to state a retaliation claim because she cannot demonstrate that she engaged in statutorily protected activity as she has not alleged that she participated in any Title VII investigation but only alleges that she reported Eric Soroka's conduct to several people.  In addition, the City argues that Plaintiff has failed to state a claim because she has not alleged a causal relationship between her termination and her protected activity as she does not allege that Soroka was aware of the protected activity or that there was any temporal relationship between her reporting his conduct to others and her termination.

After review of the Amended Complaint, the Court finds Plaintiff has sufficiently alleged a retaliation claim and more specifically, that she has sufficiently alleged that she engaged in protected activity and that there was a causal connection between her protected activity and her termination.  In her Amended Complaint, Plaintiff states that she

> reported ERIC SOROKA'S unwelcome harassment to several people including, but not limited to Judy Appelgren, ERIC SOROKA's assistant, and now the Aventura City Human Resources Manager, Luz Weinberg, an Aventura City Commissioner; Dan Rishavy, the former CEO of CSUSA; and Jonathan Hage, the current CEO of CSUSA, and principal owner.  ERIC SOROKA wrongfully terminated and retaliated against . . . [her] because she opposed ERIC SOROKA'S unwelcome harassment . . . .

(D.E. No. 20 at ¶ 100).  Plaintiff also states that she "requested ERIC SOROKA, her direct supervisor, to cease his harassment. . . ." *Id*. at ¶ 91.  She states that "[i]n bad faith and in violation of applicable law, ERIC SOROKA, as the Aventura City Manager, fired . . . [her] in retaliation for opposing his unwelcome harassment . . . . *Id*. at ¶ 98.  These allegations meet the requirements of Rule 8(a) and the Court finds Plaintiff has made a short and plain statement of her claim.

It is clear that protected activity under Title VII can extend to informal complaints and participation in a formal investigation is not required.  *See Goldsmith v. City of Atmore*, 996 F. 2d 1155, 1163 n.11 (11th Cir. 1993) (finding that a complaint made in a private conversation could still qualify as protected activity under Title VII); *Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989) (stating that "the protection afforded by . . . [Title VII] is not limited to individuals who have filed formal complaints, but extends as well to those . . . who informally voice complaints to their superiors or who use their employers' internal grievance procedures.").  Thus, the Court finds Plaintiff's allegations that she complained to numerous individuals meets the protected activity requirement.  The Court also finds that Plaintiff's allegations that she told Eric Soroka to stop his harassment and her allegations that he terminated her for opposing his unwelcome harassment are sufficient to demonstrate a causal link for purposes of Rule 12(b)(6).  Thus, the Court denies the City's motion to dismiss Count II.

### 2.      Counts III, X, and XII

Several Defendants move to dismiss Plaintiff's claims relating to defamation in Counts III, X, and XII under Rule 12(b)(6).  Specifically, the City, Eric Soroka, CSUSA, CSUSAA, and Monroe move to dismiss Count III in which Plaintiff alleges a state law claim for defamation based upon allegedly false statements made by Defendants regarding the reasons for Plaintiff's termination.  The City, Eric Soroka, CSUSA, CSUSAA, and Monroe also move to dismiss Count X in which Plaintiff seeks injunctive relief to require Defendants "to cease speaking about . . . [her] concerning her employment as ACES principal to any person . . . ."  (D.E. No. 20 at 146). Finally, the City, Eric Soroka, Teresa Soroka, Monroe, CSUSA, and CSUSAA move to dismiss Count XII in which Plaintiff alleges conspiracy to defame.  After careful consideration, the Court

declines to dismiss these counts but will require Plaintiff to clarify certain allegations.

The City and Eric Soroka,[2] the City Manager, move to dismiss Counts III, X, and XII, arguing that they are absolutely immune from any claims of defamation. Under Florida law, public officials are protected from liability with regard to all "statements made within the scope of their authority, 'however false or malicious or badly motivated' the statement may be." *Brown v. McKinnon*, 964 So. 2d 173, 175 (Fla. 3d DCA 2007) (quoting *Hauser v. Urchisin*, 231 So.2d 6, 8 (Fla.1970)). "Thus, the controlling issue in deciding whether a public employee is absolutely immune from actions for defamation is whether the communication was within the scope of the employee's duties." *Skoblow v. Ameri-Manage, Inc*., 483 So. 2d, 809, 810-11 (Fla. 3d DCA 1986).[3]

In this case, Plaintiff has alleged the following:

> The Defendants' remarks have spread throughout the Education Community and Aventura Community. On information and belief, the remarks were specifically made, but not limited to, the Aventura City Commissioners; the Mayor of Aventura; Potential Employers; DR. MURPHY's former employer, CSUSA; various prominent education organizations; an international education consultant; parents of ACES; and, the news media, outside the course of an executive, legislative, or judicial proceedings.

(D.E. No. 20 at ¶ 107). The Court finds these allegations are sufficient to survive a 12(b)(6) motion to dismiss on the issue of absolute immunity.

_____

[2]Suit was brought against Eric Soroka in Count III in his individual capacity, in Count X in his individual and official capacity, and in Count XII in his individual capacity.

[3]If Defendant Eric Soroka were found to possess absolute immunity, the City would also not be liable for defamation. *See Medina v. City of Hialeah*, No. 02-20957-CIV, 2003 WL 1562281, at *2 (S.D. Fla. March 24, 2003) (stating that "[i]f a city official has absolute immunity against claims for defamation, then the city cannot be liable for defamation where the liability against the City is premised on *respondeat superior*.").

The City also argues that section 768.28(9)(a) of the Florida Statutes bars the claim

asserted against it in Counts III, X, and XII. Section 768.28(9)(a) provides:

> No officer, employee, or agent of the state or of any of its subdivisions shall be
> held personally liable in tort or named as a party defendant in any action for any
> injury or damage suffered as a result of any act, event, or omission of action in the
> scope of her or his employment or function, unless such officer, employee, or
> agent acted in bad faith or with malicious purpose or in a manner exhibiting
> wanton and willful disregard of human rights, safety, or property . . . .The
> exclusive remedy for injury or damage suffered as a result of an act, event, or
> omission of an officer, employee, or agent of the state or any of its subdivisions or
> constitutional officers shall be by action against the governmental entity, or the
> head of such entity in her or his official capacity, or the constitutional officer of
> which the officer, employee, or agent is an employee, unless such act or omission
> was committed in bad faith or with malicious purpose or in a manner exhibiting
> wanton and willful disregard of human rights, safety, or property. The state or its
> subdivisions shall not be liable in tort for the acts or omissions of an officer,
> employee, or agent committed while acting outside the course and scope of her or
> his employment or committed in bad faith or with malicious purpose or in a
> manner exhibiting wanton and willful disregard of human rights, safety, or
> property.

 Thus, the City cannot be held liable for actions taken by a city employee acting outside the

course and scope of his employment.  However, this argument was first raised in the City's reply

brief and cannot be considered by this Court.  *See Powell v. Carey Int'l, Inc.,* 490 F. Supp. 2d

1202, 1206 n.4 (S.D. Fla. 2006) (stating that "the Court cannot consider new arguments raised

for the first time in a reply brief.").  Defendants may raise this issue in another motion before this

Court, such as a motion for summary judgment. Thus, the Court declines to dismiss Counts III,

X, and XII to the extent they are asserted against the City and Eric Soroka.

Defendants CSUSA, CSUSAA, and Monroe also move to dismiss and/or clarify these

counts. First, Defendants argue that it is unclear who exactly the counts are asserted against.  The

Court agrees that the manner in which Plaintiff has labeled these counts is extremely confusing.

Count III and Count XII state in relevant part that they are asserted against "Monroe, and as agent

of CSUSA." (D.E. No. 20 at 30, 40).  It is unclear if Plaintiff is attempting to assert a claim

against Monroe as an individual and as an agent of CSUSA.   It is also unclear what Plaintiff

intends by stating a claim against Monroe as an agent of CSUSA as it appears this would just be

a claim against CSUSA. In Count X, Plaintiff asserts a claim against "the CSUSA defendants

and Monroe."  It is unclear who Plaintiff includes in the term "the CSUSA defendants."[4]  Thus,

while the Court declines to dismiss these counts on this basis, the Court will require Plaintiff to

clarify who these counts are asserted against in a Second Amended Complaint.[5]

Monroe also argues that she cannot be held liable for any statements she made as she had

a duty to make these statements to her employer as a part of her job, and thus, she has a privilege

against claims of defamation.  Under Florida law, "a statement is qualifiedly privileged if made

by one who has a duty or interest in the subject matter to one who has a corresponding duty or

interest." *Schreidell v. Shoter*, 500 So. 2d 228, 230 (Fla. 3d DCA 1986).  "Actual malice, or

malice in fact, constitutes an abuse of a qualified privilege leaving the defendant liable." *Id*.

Here, Plaintiff has alleged that Monroe acted with malice.  *See* (D.E. No. 20 at ¶¶ 108, 164).

Thus, the Court declines to dismiss these counts against Monroe on this ground.

---

[4]Plaintiff defines this term at the beginning of her Amended Complaint as including the City, ACES, CSUSA and CSUSAA; however, she often names the City in addition to her inclusion of the "CSUSA defendants."  *See* (D.E. No. 20 at 1, 38).  Thus, it is unclear what is meant by this term.

[5]As the Court explains below in the Ordered and Adjudged section, Plaintiff shall file a Second Amended Complaint which will delete the counts which have been dismissed in this Order and clarify certain allegations specifically detailed in this Order.  The Second Amended Complaint will replace the Amended Complaint; however, this is not an opportunity for Plaintiff to amend any of her other allegations or to add new allegations.  The deadline to file an amended complaint has passed and Plaintiff has already amended her complaint once as a matter of right. *See* (D.E. No. 36 at 6).

CSUSA, CSUSAA, and Monroe also allege that Count X should be dismissed because Plaintiff has failed to state a claim for an injunction.  In order to state a claim for a permanent injunction, a plaintiff must allege "1) irreparable harm; 2) success on the merits; 3) a balancing of the competing claims of injury to the parties; and 4) consideration of the public interest." *Sony Music Entm't, Inc. v. Global Arts Prods.*, 45 F. Supp.2d 1345, 1347 (S.D.Fla.1999).  *See also Finkelstein v. Southeast Bank, N.A.*, 490 So. 2d 976, 980 (Fla. 4th DCA 1986) (same).  After review of the Amended Complaint, the Court finds Plaintiff has sufficiently alleged a claim for a permanent injunction.  *See* (D.E. No. 20 at ¶¶ 64-76, 145-153).  Thus, the Court denies Defendants' motion to dismiss Counts III, X, and XII; however, as discussed above, Plaintiff is required to file a Second Amended Complaint and clarify certain allegations.

Finally, Defendant Teresa Soroka moves to dismiss Count XII, arguing that the allegations are insufficient to state a claim against her for conspiracy to defame and that section 768.28(9)(a) bars this claim as there are no allegations that she acted in bad faith.  "A conspiracy is a combination of two or more persons by concerted action to accomplish an unlawful purpose or to accomplish some purpose by unlawful means."  *Hoch v. Rissman*, 742 So. 2d 451, 460 (Fla. 5th DCA 1999).  Moreover, it "is not a separate or independent tort but is a vehicle for imputing the tortuous actions of one co-conspirator to another to establish joint and several liability."  *Id*. In Count XII, the underlying tort claim upon which the conspiracy is based is defamation.  In order to state a claim for defamation Plaintiff must allege that "(1) the defendant published a false statement (2) about the plaintiff (3) to a third party and (4) that the falsity of the statement caused injury to the plaintiff." *Valencia v. Citibank Int'l*, 728 So.2d 330, 330 (Fla. 3d DCA 1999).

Defendant Teresa Soroka argues that Plaintiff has failed to state a claim because Plaintiff does not allege that she published any defamatory statements regarding Plaintiff or that her actions contributed to the publication of defamatory statements. However, a conspiracy claim does not have to allege that each participant in the conspiracy committed every element of the underlying tort.  The essence of a civil conspiracy is that one conspirator is being held liable for the actions of another co-conspirator.  "Each coconspirator need not act to further a conspiracy; each 'need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators.'" *Charles v. Fla. Foreclosure Placement Ctr., LLC*, 988 So. 2d 1157, 1160 (Fla. 3d DCA 2008) (quoting *Donofrio v. Matassini*, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987)).  Thus, the Court finds that Plaintiff has sufficiently stated a claim against Defendant Teresa Soroka for conspiracy to defame.

Next, Teresa Soroka argues that she is entitled to statutory immunity pursuant to section 768.28(9)(a), which states that a municipal employee may only be held liable where she acts "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property."   Here, Plaintiff has sufficiently alleged that Defendant Teresa Soroka acted maliciously.  *See* (D.E. No. 20 at ¶ 165).[6]  Thus, the Court denies Defendants' motions to dismiss Counts III, X, and XII but will require Plaintiff to clarify who she is asserting these claims against with respect to Monroe and the "CSUSA Defendants."

---

[6]Plaintiff alleges that "Defendant Teresa Soroka, individually, and as an agent for the City of Aventura, in bad faith and with a malicious purpose, agreed to remove student records from ACES for the purpose of investigating Dr. Murphy in an attempt to establish a wrong, thereby conspiring to defame Dr. Murphy."  (D.E. No. 20 at ¶ 165)

-14-

### 3.      Count IV

CSUSA and CSUSAA also move to dismiss Count IV, which alleges a bad faith

wrongful termination claim. Defendants argue that Plaintiff has failed to state a claim in Count

IV because it is unclear which parties are included in the term "CSUSA Defendants" and thus, it

is unclear who this count is asserted against.  Defendants also argue that Plaintiff has failed to

state a claim because CSUSA is not Plaintiff's employer and because there is no cause of action

for wrongful termination under Florida law. The Court again agrees that it is unclear who exactly

the "CSUSA Defendants" are and as discussed *supra* section B(2), the Court shall require

Plaintiff to clarify who Count IV is asserted against.  The Court finds Defendants' other

arguments with regard to Count IV are without merit.

Defendants argue that CSUSA is not Plaintiff's employer; however, Plaintiff alleges that

she had an agreement with CSUSA to act as a consultant.  *See* (D.E. No. 20 at ¶ 114).  Thus, the

Court finds this argument is without merit.  Next, Defendants argue that a claim for bad faith

wrongful termination is not recognized under Florida law.  It is well-settled that under Florida

law there is no action under tort or contract law for wrongful termination where employment is

at-will. *Rosensweig v. Morgan Stanley & Co., Inc*., 494 F. 3d 1328, 1335 (11th Cir. 2007);

*DeMarco v. Publix Super Markets, Inc*., 384 So. 2d 1253, 1253 (Fla. 1980); *Bass v. Metro Dade*

*County Dep't of Corr. Rehab*., 798 So. 2d 835, 836 (Fla. 3d DCA 2001).[7]  However, in Count IV,

Plaintiff has alleged that she had an employment agreement with the CSUSA, which provided

---

[7]Plaintiff cites *Golf Channel v. Jenkins*, 752 So. 2d 561 (Fla. 2000) and *Arrow Air, Inc. v. Walsh*, 645 So. 2d 422 (Fla. 1994) in an attempt to argue that a common law claim for wrongful termination is still viable under Florida law.  However both *Jenkins* and *Walsh* involve statutory claims for wrongful termination under the Whistle-Blower Act and are not relevant.

she would act as a "consultant" for a definite period of time.  *See* (D.E. No. 20 at ¶ 114).

The Court does find it unclear whether Plaintiff is attempting to state a tort or contract claim in this count.  Thus, the Court shall require Plaintiff to clarify whether Count IV is a tort or contract claim in her Second Amended Complaint.  *See Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1338 (M.D. Ala. 2007) (stating that "the court has the 'inherent authority' to act on its own and sua sponte direct a plaintiff to replead a complaint to provide a more definite statement of the claims.").  Therefore, although the Court shall require Plaintiff to clarify certain aspects of Count IV, it declines to dismiss this Count.

### 4.    Count V

Next, both the City and Eric Soroka argue that Plaintiff has failed to state a conversion claim in Count V.  Both Defendants argue that Plaintiff has not alleged the essential elements of a conversion claim and that they are immune from suit pursuant to section 768.28(9)(a) of the Florida Statutes.  The City raises its argument relating to section 768.28(9)(a) for the first time in its reply brief. The City also alleges that Plaintiff has failed to state a claim because she has not alleged that she complied with the written Notice of Claim requirement in section 768.28(6) of the Florida Statutes.  The Court denies Defendants' motions as to Count V.

First, the Court finds that Plaintiff has sufficiently alleged a claim of conversion in Count V.  "It is well settled that a conversion is an unauthorized act which deprives another of his property permanently or for an indefinite time."  *Mayo v. Allen*, 973 So. 2d 1257, 1258 (Fla. 1st DCA 2008).  Upon consideration of the Amended Complaint, the Court finds that Plaintiff has sufficiently alleged facts to assert a short and plain statement of her conversion claim.  *See* (D.E. No. 20 at ¶¶ 118, 119, 120, and 121).

-16-

Next, the Court finds that Count V should not be dismissed pursuant to section 768.28(9)(a). As discussed above, this section provides that a municipal officer may only be held liable in tort if he or she acts in bad faith or with malicious purpose and where an officer acts in bad faith or with malicious purpose the municipality may not be held liable.  In her Amended Complaint, Plaintiff sufficiently alleges that Defendant Eric Soroka acted in bad faith in committing the tort of conversion.  Thus, Plaintiff has sufficiently alleged a cause of action against Soroka.

This Court declines to consider the City's argument that Count V should be dismissed based upon section 768.28(9)(a) as this argument was first raised in the City's reply brief.  *See Powell,* 490 F. Supp. 2d at 1206 n.4 (stating that "the Court cannot consider new arguments raised for the first time in a reply brief.").  Defendant may raise this argument again before the court in a different motion, such as a motion for summary judgment.

Finally, the Court finds that Plaintiff has made sufficient allegations to meet the requirements of section 768.28(6).  This section states that "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency."  Here, Plaintiff has alleged that "[i]n or around April 2007, Plaintiff and/or her counsel wrote two separate letters to the City of Aventura and or its counsel, presenting her claim to her personal property and asking for a return of specific items." (D.E. No. 20 at ¶ 119).  These allegations are sufficient for purpose of section 768.28(6). Thus, the City and Eric Soroka's motions are denied to the extent they seek to dismiss Count V.

### 5.    Counts VI and VIII

Defendants Eric Soroka, CSUSA, CSUSAA, and Monroe also move to dismiss Counts

-17-

VI and VIII where Plaintiff has alleged a claim for intentional interference with a business relationship and conspiracy to intentionally interfere with a business relationship. Specifically, Plaintiff alleges that Defendants interfered with her business relationship with the City to serve as principal of ACES. *See* (D.E. No. 20 at ¶ 123). Defendants argue that these claims should be dismissed because neither defendant is a stranger to the business relationship. CSUSA, CSUSAA, and Monroe also argue again that is unclear who these counts are asserted against. As discussed above, the Court finds Plaintiff's assertion of this claim against "Monroe, as agent of CSUSA" to be confusing and thus, Plaintiff shall be required to clarify who this claim is asserted against in her Second Amended Complaint. The Court finds that Plaintiff has sufficiently alleged that Defendants tortiously interfered with a business relationship.

In order to state a claim for tortious interference with a business relationship, Plaintiff must allege:

> (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference.

*Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385 (Fla. 4th DCA 1999). "For the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Id.*

"An agent of a corporate party to a contract, acting within his capacity and scope as an agent, cannot be considered to be a separate entity outside of the contractual relationship which can tortiously interfere with that relationship." *Abursso v. Haller*, 603 So. 2d 1338, 1340 (Fla. 1st DCA 1992). However, this "'privilege to interfere' . . . is destroyed where an employee acts

-18-

solely with ulterior purposes, without an honest belief that his actions would benefit the employer, and the employee's conduct concerning the contract or business relationship is not in the employer's best interest." *Salit*, 742 So. 2d at 386.

Here, Eric Soroka as City Manager was the City's agent; however, Plaintiff has sufficiently alleged that in terminating her, he was acting outside his scope as agent with "ulterior purposes." *See* (D.E. No. 20 at ¶ 126).  Upon review of the Amended Complaint, it is unclear whether Monroe was acting as an agent of the City,[8] however, even if she was an agent, Plaintiff has sufficiently alleged that she was acting outside the scope of her capacity as an agent in interfering with Plaintiff's business relationship with the City.  *See id*. at ¶ 127.  Thus, Plaintiff sufficiently alleges that Defendants unjustifiably interfered with Plaintiff's business relationship with the City.  Thus, the Court declines to dismiss Counts VI and VIII; however, Plaintiff shall clarify who these claim is asserted against.[9]

### 6.    Count XI

The City moves to dismiss Count XI in which Plaintiff asserts a claim for declaratory relief.  In Count XI, Plaintiff "seeks a declaration of her rights that, as a City Employee, she was entitled, and thereafter unlawfully denied notice and an opportunity to clear her name (name clearing hearing) in violation of Fla. Stat. Ch. 120.57(1) and 120.569(1), when defendant Soroka

---

[8]Plaintiff alleges that Monroe is an employee of CSUSA and that she is a data processor and registrar for ACES.  *See* (D.E. No. 20 at ¶ 7).

[9]Defendants CSUSA, CSUSAA, and Monroe also argue that Count VI's demand for punitive damages and attorney's fees should be dismissed as Plaintiff has failed to provide a contractual, statutory, or factual basis for such an award.  The Court declines to dismiss this claim for punitive damages, finding sufficient allegations to support this claim.  The Court also declines to dismiss Plaintiff's request for attorney's fees on a motion to dismiss; however, if Plaintiff files a motion for fees, she will have to cite a basis.

defamed Dr. Murphy in conjunction with the termination of her employment." (D.E. No. 20 at ¶ 160).  The City argues that this claim should be dismissed because sections 120.57(1) and 120.569(1) of the Florida Statutes, which are part of the Florida Administrative Procedure Act ("FAPA"), do not apply to municipalities.  This Court agrees and dismisses Count XI.

Section 120.57(1) of the FAPA provides that a party whose "substantial interests" are determined in an "agency" proceeding is entitled to an evidentiary hearing to resolve disputes of fact. Under the FAPA, municipalities are not included in the definition of agency except "to the extent they are expressly made subject to this act by general or special law or existing judicial decisions." Fla. Stat. § 120.52(1)(c).  The Court is unaware of any general law, special law, or existing judicial decisions that find that a municipality is an agency in the context of this case.  In addition, neither party has cited any law finding that a city is an agency for purposes of a claim regarding the publicizing of allegedly false reasons for a plaintiff/employee's termination.[10] Thus, the Court dismisses Count XI.

### 7.    Count XIV

Finally, ACES moves to dismiss Count XIV in which Plaintiff asserts a claim for declaratory relief.  In this count, Plaintiff seeks the same declaration that she sought in Count XI against the City, namely, she seeks "a declaration of her rights that, as a City Employee, she was entitled and thereafter unlawfully denied notice and an opportunity to clear her name (name clearing hearing) in violation of Fla. Stat. ch. 120.57(1), when defendant Soroka defamed Dr.

---

[10]The Court finds the cases cited by Plaintiff in her Response are not applicalbe.  The Court acknowledges that county school boards have been found to be agencies under the FAPA; however, Count XI has been brought against a City and not a school board. *See Witgenstein v. School Bd. of Leon County*, 347 So. 2d 1069, 1071 (Fla. 1st DCA 1977).

Murphy in conjunction with the termination of her employment."  (D.E. No. 20 at ¶ 183).[11]

ACES has moved to dismiss this count, arguing that it is a department of the city and not a separate legal entity subject to suit.  ACES then asserts the same argument that was asserted by the City in its motion to dismiss Count XI.  Specifically, ACES argues that Plaintiff's claim for declaratory relief should be dismissed because section 120.57(1) of the Florida Statutes, which is part of the FAPA, does not apply to municipalities.  After careful consideration, the Court finds ACES's arguments cannot be resolved on a motion to dismiss.

The Eleventh Circuit has stated that the capacity to sue or be sued is "'determined by the law of the state in which the district court is held.'"  *Dean v. Barber*, 951 F. 2d 1210, 1214 (11th Cir. 1992) (quoting Fed. R. Civ. P. 17(b)).[12]  In arguing that ACES is not a legal entity subject to suit, ACES relies on case law relating to police departments.  Under Florida law, "'where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions it is not an entity subject to suit.'"  *Fla. City Police Dep't v. Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995) (quoting *Eddy v. City of Miami*, 715 F.Supp. 1553, 1556 (S.D.Fla.1989)).

However, on a motion to dismiss, the Court is limited to the Complaint and any attachments thereto.  In this case, the Court cannot determine from the face of the Amended Complaint or the attachments whether ACES is in fact an integral part of the city government.

---

[11]Plaintiff also seeks a declaration that ACES violated section 1002.33 of the Florida statutes "by failing to ensure that ACES provided an annual financial audit in accordance with s. 218.29."  (D.E. No. 20 at 45).

[12]Federal Rule of Civil Procedure 17(b)(3) currently states in relevant part that "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located."

*See Hatten v. Davis*, No. 203CV114FTM29DNF, 2005 WL 3186183, at *2 (M.D. Fla. Nov. 29, 2005) (declining to dismiss a police department from suit where the Court could not determine from the face of the Complaint whether the police department was capable of being sued); *Corcoran,* 661 So. 2d at 410 (where the Court relied on an uncontroverted affidavit from the city stating that the police department was not a legal entity and had no legal existence separate and apart from the city);   Therefore, the Court declines to dismiss Count XIV.  Accordingly, it is hereby:

> **ORDERED AND ADJUDGED** that

1.      Defendant Elaine Adler's Motion to Dismiss Amended Complaint (D.E. No. 24) is **GRANTED**.  Count XIII is dismissed for lack of subject matter jurisdiction.  As this is the only claim asserted against Defendant Elaine Adler, she is dismissed from this action.

2.      Defendants', Charter Schools USA, Inc., Charter Schools USA at Aventura, LLC, Nicole Monroe, and Jonathan Hage, Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 28) is **GRANTED in part and DENIED in part**.  The motion is granted in that Counts VII, IX, and XIII are dismissed for lack of subject matter jurisdiction.  As Counts IX and XIII are the only claims asserted against Defendant Jonathan Hage, he is dismissed from this action.  In addition, Plaintiff is directed to clarify certain allegations in her Second Amended Complaint.  *See infra* part 7 of the Ordered and Adjudged Section.  The motion is denied in all other respects.   3.

Defendant Eric Soroka's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 29) is **GRANTED in part and DENIED in part**.  The motion is granted in that Count IX is dismissed for lack of subject matter jurisdiction.  The motion is denied in all other respects.

4.      Defendant Teresa Soroka's Motion to Dismiss Plaintiff's Amended Complaint

(D.E. No. 30) is **DENIED**.

     5.     Defendant Aventura City of Excellence School's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 31) is **DENIED**.

     6.     Defendant City of Aventura's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 32) is **GRANTED in part and DENIED in part**.  The motion is granted in that Count XI is dismissed.  The motion is denied in all other respects.

     7.     **On or before October 17, 2008**, Plaintiff shall file a Second Amended Complaint in conformance with this Order.  **No extensions of time will be granted.**  This Second Amended Complaint shall not contain the claims that have been dismissed in this Order.[13]  In addition, as discussed above, Plaintiff shall clarify exactly whom Plaintiff is asserting Counts III, IV, VI, VIII, X, and XII against.  Plaintiff shall also clarify whether Count IV is a tort claim or a contract claim and add a "wherefore" clause to Count IV.  In filing this Second Amended Complaint, Plaintiff shall not add any new claims or new allegations not specifically required by this Order. The time to file a motion to amend the complaint has long since passed.  *See* (D.E. No. 36 at 6).

     8.     **On or before October 30, 2008**, Defendants shall file Answers to the Second Amended Complaint.  **No extensions of time will be granted.**

     9.     The following pretrial deadlines are reset.

          a.     The parties may have until **December 4, 2008** to complete all discovery, including expert discovery.

          b.     The parties may have until **December 9, 2008** to select a mediator.

---

[13]Specifically, Counts VII, IX, XI, and XIII have been dismissed.

c.      The parties may have until **December 10, 2008** to file all summary

judgment, *Daubert*, and other dispositive motions.

d.      The parties may have until **January 8, 2009** to complete mediation.

e.      All pretrial motions and memoranda of law must be file on or before

**January 19, 2009**.

No other deadlines are affected by this Order.  Expired deadlines are not restarted by this Order.

The Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring

Certain Motions to Magistrate Judge (D.E. No. 36) otherwise remains in full force and effect.

10.      In filing summary judgment motions, Plaintiff may file one summary judgment

motion as to all Defendants.  Defendants CUSA, CUSAA, and Monroe may file one summary

judgment motion and Defendants the City, ACES, Eric Soroka, and Teresa Soroka may file one

summary judgment motion.  **Thus, at most, there shall be one summary judgment motion**

**filed by the Plaintiff and two separate summary judgment motions filed by the two groups**

**of Defendants**.[14]  In turn, there shall be one response and one reply to each summary judgment

motion filed. The Court will give all due consideration to any motions to exceed the page

limitations.

_____

[14]Defendants filed six separate motions to dismiss in this case. One group motion was filed by CSUSA, CSUSAA, Monroe, and Hage, who is no longer a party to this action, and then individual motions were filed by the City, ACES, Eric Soroka, Teresa Soroka, and Elaine Adler, who is no longer a party to this action.  The individual motions filed by the City, ACES, Eric Soroka, Teresa Soroka, and Elaine Adler, all of whom are represented by the same attorneys, were repetitive of each other. Often entire sections of these motions were verbatim copies of another motion.  The Court finds this practice to be a waste of time and resources for both the parties and this Court.

-24-

11.     All future filings shall be double-spaced in Times New Roman 12 point font with

one inch margins on each side.

DONE AND ORDERED in Chambers at Miami, Florida, this 10 day of October, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Brown
All Counsel of Record

-25-